■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CHAPMAN, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 9, 1973, convicting defendant, upon a jury verdict, of assault in the second degree, affirmed. Scrutiny of the record discloses that defendant's guilt was proved beyond a reasonable doubt and that defendant was not deprived of a fair trial. Relevant to this latter observation, it is noted that defense counsel and the prosecutor engaged in a blatant display of bad manners, characterized by repeated squabbling which culminated in both being sworn and testifying—the prosecutor for the People and defense counsel for the defense. This state of affairs arose despite the extended efforts of the trial court to recall counsel to their obligations to each other and to the court as fellow members of the Bar. It is not our intent to fix blame for the unprofessional conduct exhibited by counsel. Rather, we take this occasion to note that the practice of gamesmanship has no place in a court of law. A criminal trial is not a game imbued with tests of competitiveness having as its goal a "win" as opposed to a "loss". Inherent in all the statutory and case law, procedural and substantive, surrounding such trial is the profound dedication to the concept of justice and her handmai-

den, truth. It is to this end that the legal minds of the past and the present have expended most lavishly of their resources. Indeed, it is to this end that any society claiming the appellation "civilized" also expends freely of its resources, both material and spiritual. It is to this same end that counsel in this case should have dedicated themselves. Those who have been privileged to enter the legal profession by the very nature of their occupation are called upon to be mindful of this reality, to publicize and defend its precincts and to contribute to its evolution. Concur—Markewich, Kupferman, Murphy and Lupiano, JJ.; Stevens, P. J., dissents in the following memorandum: I dissent and vote to reverse and order a new trial. In my opinion the conduct of the Assistant District Attorney and that of defense counsel, in addition to their appearance as witnesses on behalf of their respective positions, made it impossible as a matter of law for defendant to receive a fair trial.